BASIC FOOD INDUSTRIES, INC., PETITIONER, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, RESPONDENT.

No. 9517

March 8, 1978                                           575 P.2d 934

*Lionel Sawyer and Collins,* and *Andrew S. Brignone,* Las Vegas, for Petitioner.

*Freedman and Whelton,* Las Vegas, for Respondent.

---

## OPINION

By the Court, GUNDERSON, J.:

In this original proceeding in prohibition, petitioner, Basic Food Industries, Inc., seeks a writ directing respondent court to quash service and refrain from exercising jurisdiction. Since we conclude that it is unreasonable to exercise *in personam* jurisdiction over petitioner, the writ must issue.

From the limited record before us, it appears that petitioner is a Delaware corporation with no business contacts in Nevada. In 1971, it seems a promoter approached petitioner at its offices in Miami, Florida, seeking to sell stock in Portion Control, Inc. As part of the agreement reached, petitioner executed a guaranty on pre-existing indebtedness which Portion owed to the Valley Bank of Nevada. The parties concede petitioner did not procure the underlying loan to Portion, and executed the guaranty outside Nevada's territorial limits.

Portion eventually defaulted on its obligations. Valley Bank thereupon brought suit in the respondent court, to collect on Portion's note and to enforce the guaranty agreement. Upon receiving summons at its Miami office, petitioner moved to quash service pursuant to NRCP 12(b).[1] Respondent court denied the motion; petitioner challenges that ruling.

The question before us is whether the mere signing of a guaranty in another state will, by itself, subject the guarantor to *in personam* jurisdiction under our long-arm statute, NRS 14.065.[2] In Certain-Teed Prods. v. District Court, 87 Nev. 18, 479 P.2d 781 (1971), we delineated the due process criteria defining the "outer limits" of *in personam* jurisdiction over out-of-state defendants who engaged in a single act within the forum.

---

[1]NRCP 12(b) provides in pertinent part:

"Every defense, . . . shall be asserted in the responsive pleading . . . except that the following defenses may at the option of the pleader be made by motion: (1) . . . , (2) lack of jurisdiction over the person, (3) insufficiency of process, (4) insufficiency of service of process, . . . "

[2]NRS 14.065, in pertinent part, reads:

"1. Personal service of summons upon a party outside this state is sufficient to confer upon a court of this state jurisdiction of the person of the

First, the defendant must purposefully avail himself of the privilege of acting in the forum state or of causing important consequences in that state. Second, the cause of action must arise from the consequences in the forum state of the defendant's activities. Finally, the activities of the defendant or the consequences of those activities must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Ibid.*, 87 Nev. at 23, 479 P.2d at 785.

Using these criteria we later found jurisdiction existed over a California promisor where he was actively engaged in a corporate activity within Nevada and was partly responsible for procuring the underlying loan to a corporation. *See* Abbott v. Harrah, 90 Nev. 321, 526 P.2d 75 (1974). In such a case we held the traditonal notions of fair play and substantial justice were not offended by the exercise of jurisdiction. However, *Abbott* is not dispositive where, as here, no more appears than that the guarantor has mechanically executed the guaranty and mailed it back to the forum. The California Supreme Court recently held it unreasonable to exercise jurisdiction over a Florida guarantor who had no other business contacts with California, even though the guaranty caused ''effects'' inside that state. *See* Sibley v. Superior Court of Los Angeles County, 546 P.2d 322 (Cal. 1976); *see also* Arkansas Poultry Coop., Inc. v. Red Barn System, Inc., 468 F.2d 538 (8th Cir. 1972).

In the instant case, all we have properly before us are the bare allegations of the complaint indicating that Basic, a nonresident corporation, executed a guaranty, together with an affidavit by Basic's former president that the guaranty was neither signed nor negotiated in Nevada. On this record, we feel constrained to hold the exercise of jurisdiction improper. Valley Bank, as plaintiff in the action below, had the burden to establish jurisdiction once it was challenged. *See e.g.,* Amba Marketing Systems, Inc. v. Jobar Intern., Inc., 551 F.2d 784 (9th Cir. 1977). They failed to meet this burden by producing

party so served if: (a) Such service is made by delivering a copy of the summons, together with a copy of the complaint, to the party served in the manner provided by statute or rule of court for service upon a person of like kind within this state; and (b) Such party has submitted himself to the jurisdiction of the courts of this state in a manner provided by this section.

''2. Any person who, . . . does any of the acts enumerated in this subsection thereby submits himself . . . to the jurisdiction of the courts of this state as to any cause of action which arises from the doing of such acts:

''a. Transacting any business or negotiating any commercial paper within this state; . . . ''

any additional evidence to demonstrate that Nevada's exercise of jurisdiction would be reasonable.

The petition is therefore granted.

BATJER, C. J., and MANOUKIAN, J., and SMART, D. J.,[3] concur.