GOLDEN NUGGET, INC., a Nevada Corporation, Appellant, *v.* A. W. HAM, Jr., an Individual; BANK OF NEVADA, as Trustee under that Certain Trust Agreement dated June 27, 1973, wherein A. W. HAM, Jr., is Trustor and BANK OF NEVADA is Trustee, Respondents.

No. 9330

January 17, 1979                                589 P.2d 173

*Goodman, Oshins, Brown & Singer,* Las Vegas; *Saphier, Rein & Burris,* Los Angeles, California, for Appellant.

*Morse, Foley & Wadsworth,* and *A. B. Morse,* Las Vegas, for Respondent A. W. Ham, Jr.

*Weiner, Goldwater & Waldman, Ltd.,* and *Lawrence A. Speiser,* Las Vegas, for Respondent Bank of Nevada.

46

## OPINION

*Per Curiam:*

The appellant, Golden Nugget, Inc. (GNI), commenced this action against respondent, A. W. Ham, Jr. (Ham), seeking damages for breach of an alleged fiduciary duty, and also a declaration that GNI is the legal owner of an undivided one-half interest in certain real property presently held by respondent, Bank of Nevada (Bank), as Trustee under a Trust Agreement.[1]

Ham, joined by Bank, filed a motion for summary judgment predicated on the ground that GNI's claim was barred by the statute of limitation. The court below agreed and granted the motion. Hence, this appeal.

1. "In deciding the propriety of the summary judgment,

[1]Bank is named a party defendant because of the trust agreement which conveys Ham's interest in a certain lease agreement covering the property, the subject of the action, to Bank. Doris Ham Shupe was also named a nominal defendant; no appeal is taken from the court's order dismissing the complaint as to her.

we must review the evidence most favorable to the party against whom summary judgment was granted and give that party the benefit of all favorable inferences that may be drawn from the subsidiary facts." Lipshie v. Tracy Investment Co., 93 Nev. 370, 375, 566 P.2d 819, 822 (1977). Summary judgment is appropriate only if there is "no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." NRCP 56(c). As this court stated in McColl v. Scherer, 73 Nev. 226, 315 P.2d 807 (1957), "trial judges should exercise great care in granting motions for summary judgment, and . . . a litigant has a right to a trial where there is the slightest doubt as to the facts." 73 Nev. at 231-32, 315 P.2d 810.

GNI's cause of action is predicated on its contention that defendant Ham, in 1969, while serving as a director and corporate counsel to GNI, obtained a leasehold with an option to purchase in a one-half interest in the California Club, at a time when the property in equity and fairness should have been obtained for GNI. The subject real property, commonly referred to as the California Club, is located at 101 Fremont Street, Las Vegas, Nevada, and is situated next to a series of properties on which GNI conducts its casino operations.

The transaction at issue is a lease with an option to purchase entered into on August 12, 1969, whereby Ham, while a director and attorney for GNI, leased from his former wife, Doris Ham Shupe, an undivided one-half interest in the said property for a term of 99 years, with an option to purchase for $1,000,000. This transaction was consummated shortly after GNI, through a series of property aquisitions, had extended its operations to every other lot on that segment of Fremont Street. GNI, in its pleading, contends that Ham breached his fiduciary duty to GNI by failing to advise it of the opportunity of leasing Shupe's one-half interest in the property at a time when GNI had an interest in acquiring the subject property, and that Ham entered the transaction in bad faith so that he could subsequently relet that interest to GNI for a substantial personal profit, which did occur.

In its order granting summary judgment, the trial court ruled that the applicable statute governing fraud by a corporate director was NRS 11.190(3)(d), which requires a plaintiff to bring:

> 3. Within 3 years:
>
> . . .
>
> (d) An action for relief on the ground of fraud or mistake; the cause of an action in such case not to be deemed

to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake.

The court also held that GNI's cause of action as a matter of law accrued either on August 20, 1970, when notice of the lease in question was given by defendant Ham to a law firm retained as securities specialists for GNI who were preparing a Consent Statement to be submitted to the stockholders seeking authorization to confirm Ham's lease with GNI, or on November 10, 1970, the date on which the Consent Statement was submitted. Using these dates, the court concluded that GNI's action, which was filed in September of 1974, was barred by NRS 11.190(3)(d).

2. The issue presented is whether, based on the pleading and proof offered, GNI is barred by the three year statute of limitations from having its day in court.

The complaint alleged that GNI did not learn of Ham's breach of fiduciary duty until on or about August 1, 1973. This allegation was supported by the deposition of William Boyd, director of GNI since 1969. According to the deposition, neither Boyd nor any other director was aware, from August 1969, to at least June 1, 1973, that Shupe's interest in the property would have been available to the corporation. GNI contends that in these circumstances, a genuine issue of a material fact exists as to when the corporation had sufficient knowledge to commence the running of the statutory period. We agree.

Respondent Ham was under a duty, as a director of GNI, to inform the corporation of the full circumstances of the transaction with his former wife. *Central Ry. Signal Co. v. Longden*, 194 F.2d 310 (7th Cir. 1952); *Russell v. Republic Production Co.*, 112 F.2d 663 (5th Cir. 1940). Mere disclosure of a transaction by a director, without disclosure of the circumstances surrounding the transaction, is not sufficient, as a matter of law, to commence the running of the statute. *See* Central Ry. Signal Co. v. Longden, *supra*. Further, Ham was under an additional duty to the corporation, as its attorney, not only to inform GNI fully of the factual circumstances of the transaction, but also to inform GNI of its rights in regard thereto. *Martin v. Dixon*, 49 Nev. 161, 241 P. 213 (1925).

We have held that when a party who is relied upon in a fiduciary capacity fails to fulfill his obligations thereunder, and does not tell the other party of his failure, his omission constitutes constructive fraud, tolling the statute of limitations until the facts constituting the fraud are discovered, or should have

been discovered, by the injured party. Allen v. Webb, 87 Nev. 261, 485 P.2d 677 (1971).

We cannot agree that in the present posture of this case, the corporation must be found, as a matter of law, to have been derelict in its duty when it failed to investigate the details of the transaction between its director and attorney and his former wife, Shupe. The corporation was told that the property had been the subject of a 1962 property settlement agreement between Ham and Shupe, and that thereafter, an undivided half interest was held by Ham as trustee for Shupe. To have required GNI, under these circumstances, to investigate whether Ham had personally usurped an opportunity available to GNI would have required an inquiry into a second fiduciary relationship, quite independent of GNI's corporate business.

It has been observed that "a fiduciary has a duty to make full and fair disclosure of all facts which materially affect the rights and interest of the parties, and, where a fiduciary relationship exists, facts which would ordinarily require investigation may not excite suspicion." Bennett v. Hibernia Bank, 305 P.2d 20, 32-33 (Cal. 1956). *See* also Sanguinetti v. Strecker, 94 Nev. 20, 577 P.2d 404 (1978).

Under the state of the record, we are compelled to conclude that the trial court erred when it found that, as a matter of law, the corporation had actually discovered the facts constituting the fraud, or facts which in the exercise of proper diligence would have enabled them to discover the fraud, in August or November, 1970, and on those findings granted summary judgment. We must, therefore, reverse and remand this case for a full hearing on its merits.