Judy CROYLE, Administratrix and Personal Representative of the Estate of Harry J. Croyle, Jr., Plaintiff,

v.

TEXAS EASTERN CORPORATION, Texas Eastern Transmission Corporation, Ray Resources Corporation, Cameron Iron Works, Inc., Gauges International, and Ridge Tool Company, Defendants,

v.

HALLIBURTON SERVICES, Third Party Defendant.

Civ. A. No. 77–1391.

United States District Court, D. Pennsylvania.

Feb. 6, 1979.

John A. Bonya, Beverly A. Gazza, Indiana, Pa., for plaintiff.

John David Rhodes, Thomson, Rhodes & Grigsby, Pittsburgh, Pa., for Texas Eastern Corp.

C. S. Fossee, Murovich, Reale & Fossee, Pittsburgh, Pa., for Texas Transmission, Ray Resources.

John E. Wall, J. Lawrence McBride, Dickie, McCamey & Chilcote, Pittsburgh, Pa., for Gauges Intern.

John E. Kunz, Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, Pa., for Cameron Iron Works.

James A. Beinkemper, Pittsburgh, Pa., for Ridge Tool.

John J. Repcheck, Sharlock Repcheck, Engel & Mahler, Pittsburgh, Pa., for Halliburton Services.

## OPINION

DIAMOND, District Judge.

This diversity action arises out of an explosion at a gas well in Garrett County, Maryland, which resulted in the death of plaintiff's decedent. Presently before the court is a motion for summary judgment filed by defendant Texas Eastern Corporation (Eastern) in which it asserts that this court does not have in personam jurisdiction over it. The motion will be granted.

Because Eastern's motion raises the issue of jurisdiction over the person, it will be treated as a motion to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure. See generally 6 Moore's Federal Practice ¶ 56.03 and cases cited therein. And "[s]ince plaintiff invoked diversity jurisdiction the burden [is] upon her to prove all the facts by which it [can] be sustained." *McSparran v. Weist,* 402 F.2d 867, 875 (3rd Cir. 1968).

It appears that plaintiff attempted to obtain service on Eastern pursuant to Rule 4(e) Fed.R.Civ.P. and the Pennsylvania "long-arm" statute, 42 Pa.C.S.A. § 8301 et seq. Eastern contends that this attempt at service was defective because Eastern is an unregistered foreign corporation which is subject to service under that statute only if it is doing business in the Commonwealth of Pennsylvania and in fact Eastern is not doing business in Pennsylvania.

Plaintiff does not contend that Eastern is "doing business" directly in Pennsylvania, rather, plaintiff asserts that Eastern is "doing business" vicariously here because it is the "alter ego" of co-defendant Texas Eastern Transmission Corporation (Transmission), a party which has not challenged in personam jurisdiction.

The existence of a true "alter ego" relationship may provide a sufficient basis for exerting in personam jurisdiction over a foreign corporation which otherwise has no contact with the forum state. See generally 2 Moore's Federal Practice ¶ 4.25(6). Plaintiff bases her "alter ego" position on the following facts which appear from Eastern's answers to interrogatories and the affidavit of one J. W. Butler, Secretary of Eastern:

1) When Texas Eastern was incorporated in January of 1976 the stock of Texas Transmission was reduced to 1000 shares and then transferred to Texas Eastern as a "holding company."

2) Texas Eastern owns 100% of the shares of Texas Transmission.

3) Texas Eastern is engaged in no commercial activity other than, "holding" the Texas Transmission stock.

4) Texas Eastern has no separate office facilities but instead occupies the same offices as Texas Transmission in Houston, Texas.

5) Texas Eastern and Texas Transmission have significant over-lapping of directors and officers.

Pennsylvania, like most jurisdictions, considers the Supreme Court's decision in *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925) the primary authority on the question of whether jurisdictional presence may be imputed to a foreign parent corporation solely on the basis of its domestic subsidiary's activities. See *Botwinick v. Credit Exchange, Inc.*, 419 Pa. 65, 213 A.2d 349 (1965). In *Cannon,* jurisdiction was sought in North Carolina over a Maine corporation which had created a subsidiary corporation to market its goods in North Carolina. The parent corporation marketed its goods in several other states directly rather than through separate corporations. Although noting that the Maine corporation "dominates the [subsidiary] corporation, immediately and completely; and exerts its control both commercially and financially in substantially the same way, and mainly through the same individuals, as it does over those selling branches or departments of its business not separately incorporated which are established to market the Cudahy products in other states," (267 U.S. at 335, 45 S.Ct. at 251) the Court refused to pierce the corporate veil saying that, because the two entities' books and transactions generally evidenced a maintenance of recognized corporate formalities, "the corporate separation, though perhaps merely formal, was real." 267 U.S. at 337, 45 S.Ct. at 251.

Applying the *Cannon* standard to the instant case, we find that the plaintiff has failed to establish an "alter ego" relationship here. While she points to many factors which do suggest a high degree of intimacy and communality between Eastern and Transmission, she offers no evidence from which an inference can be drawn that the two corporations did not respect normal corporate formalities or generally deal with each other as separate legal entities. Plaintiff admits that establishment of an "alter ego" relationship "requires a close examination of the extent of the corporate relationship between the connected companies." Plaintiff's Brief p. 8. Such an examination simply has not been done here. We have examined the cases upon which plaintiff relies and we note that in each of them the relationship between parent and subsidiary was more fully developed than it is here. In short, plaintiff invites the court to speculate, on the basis of the factors listed previously, that Eastern has emasculated Transmission's corporate identity. We decline to do that, and, therefore, will enter an order granting Eastern's motion for summary judgment.