Jerry M. BEARY

v.

NORTON–SIMON, INC.

v.

PENNSYLVANIA ELECTRIC CO. and Edwards Tank Erection, Inc.

Civ. A. No. 78–1015.

United States District Court, W. D. Pennsylvania.

Nov. 13, 1979.

ises of an industrial plant owned by Glass Containers Corp. (Glassco), a wholly owned subsidiary of NSI. NSI is a Delaware corporation with corporate headquarters in New York. Plaintiff attempted to obtain service on NSI pursuant to Rules 4(e)(1) and 4(d)(7), Fed.R.Civ.P., and the Pennsylvania long-arm statute, 42 Pa.C.S.A. § 5301 et seq., which provides both the manner and circumstances in which an out-of-state defendant will be subject to service.

Defendant's motion for summary judgment involves a jurisdictional question and, since a court cannot render a judgment if it lacks in personam jurisdiction, the claim will be considered a motion to dismiss under Fed.R.Civ.P. 12(b). "As there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court," *Gibbs v. Buck*, 307 U.S. 66, 71–72, 59 S.Ct. 725, 729, 83 L.Ed. 1111 (1939), and we have, therefore, considered the record in its entirety in reaching our determination. In addition, the burden of proving proper jurisdiction always rests upon the party asserting it. *McSparran v. Weist*, 402 F.2d 867, 875 (3rd Cir. 1968).

In *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and in subsequent cases, the Supreme Court has set forth the constitutional due process limits of in personam jurisdiction. *International Shoe* requires that a nonresident corporate defendant's "operations establish sufficient contacts or ties with the state of the forum to make it reasonable and just, according to our traditional conception of fair play and substantial justice, to permit the state to enforce the obligations, which [defendant] has incurred there." 326 U.S. at 320, 66 S.Ct. at 160. In *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) and *Kulko v. California Superior Court*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978), the Court held that there must be some purposeful act by which defendant avails himself of the privilege of conducting activities within the forum state, thereby invoking the benefits and protections of its laws. We are mind-

John R. Gavin, Oil City, Pa., Chester S. Fossee, Pittsburgh, Pa., for plaintiff.

Eugene F. Scanlon, Jr., William A. Pietragallo, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

KNOX, District Judge.

Presently before the court is defendant Norton-Simon, Inc.'s (NSI) motion for summary judgment which is predicated upon this court's lack of jurisdiction over its person. Having carefully considered the issues raised by the parties in their briefs and in oral argument before this court on August 20, 1979, we have concluded that defendant's motion must be granted.

This action arises out of an accident which occurred on September 13, 1976, in Clarion County, Pennsylvania, on the prem-

ful of the Supreme Court's admonition in *Kulko* that each case must be evaluated separately as to the quality and nature of defendant's activity in the forum state and whether it is reasonable and fair to require such defendant to conduct its defense in that state. *See Heckel v. Beech Aircraft Corp.*, 467 F.Supp. 278 (W.D.Pa.1979).

We cannot say that NSI's contacts with the Commonwealth are purely fortuitous or accidental. In fact, the deposition testimony of Brian D. McAuley, the Assistant Controller of Glassco, indicates that NSI purposefully and foreseeably benefits from its active relationship with its resident subsidiary. NSI is a holding company which owns 100% of the total and authorized shares of Glassco. (Dep.28). In 1978, three of the six members of the Board of Directors of Glassco held positions as officers of NSI, (Dep.41) including David J. Mahoney, Chief Executive Officer of NSI. (Dep.10). Fifty per cent of Glassco's earnings are distributed to NSI and the remainder is retained. (Dep.22–23). In past years, NSI has made loans to Glassco and engages in cash transfers with its resident subsidiary on a daily basis. (Dep.34–35). Reports prepared by NSI's marketing, advertising, and internal auditing departments are given to the subsidiaries of NSI including Glassco. (Dep. 18–19, 38–39, 42). NSI encourages intercompany purchasing and, in 1978, approximately eighteen per cent of Glassco's products were sold to affiliated companies. (Dep.25–28). The presence in the forum of a subsidiary that provides benefits to a nonresident parent is a contact, tie or relation of that foreign parent with the forum which represents a relationship that "connotes [an] intent to obtain [or an] expectancy of receiving a corresponding benefit in the State that would make fair the assertion of that State's judicial jurisdiction." *Kulko v. California Superior Court, supra*, 436 U.S. at 101, 98 S.Ct. at 1702.

■ A district court's exercise of in personam jurisdiction is not only subject to due process limits, it must also be affirmatively authorized by the legislature. Fed.R.Civ.P. 4(d)(7) authorizes service upon a corporation "in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the district court is held . . . ." Under Rule 4(e)(1), "service may . . . be made under the circumstances and in the manner prescribed in [a] statute [of the state in which the district court is held]." Thus, by reading Rules 4(d)(7) and 4(e)(1) together with the Pennsylvania long-arm statute, 42 Pa.C.S.A. § 5301 et seq., the district court may obtain personal jurisdiction over out-of-state defendants.

In this action, plaintiff contends that NSI is doing business in the Commonwealth, both directly and through an agency relationship with Glassco. Plaintiff further contends that NSI is amenable to process under the alter ego theory. We will consider each of plaintiff's contentions and arguments, in support thereof, separately.

■ First, plaintiff has failed to produce any evidence in support of its assertion that NSI itself, was transacting or doing business in Pennsylvania. The uncontradicted averments, which are stated in the affidavit of C. D. Trowbridge, a Vice Pres. of NSI, establish that NSI does not directly engage in business in the Commonwealth. Trowbridge states, in his affidavit, that NSI is not registered to do business in Pennsylvania, does not own any real estate in Pennsylvania, has neither a mailing address nor maintains an office in Pennsylvania, does not employ any agent or officer in the Commonwealth, does not conduct any trade displays or demonstrations in Pennsylvania and does not maintain a phone listing in Pennsylvania.

Second, there is no allegation that the circumstances normally required for the application of the alter ego theory are present here. Plaintiff has failed to allege the perpetration of fraud, illegality or injustice by means of NSI and Glassco's parent-subsidiary relationship. In fact, the evidence shows that Glassco is a solvent manufacturing company and that NSI, its sole shareholder, is a solvent investment company, and that the parent and subsidiary operate as, and, in fact, are separate corporate enti-

ties. *See Publicker Industries, Inc. v. Roman Ceramics Corp.*, 603 F.2d 1065 (3rd Cir. 1979). Plaintiff's argument in support of jurisdiction over NSI's person in this court, under the alter ego theory, must be rejected.

■ A more troublesome issue is raised in plaintiff's assertion that Glassco was acting as defendant's agent within the meaning of the applicable provisions of the long-arm statute. Neither the Federal Rule nor the Pennsylvania long-arm statute permits service on a corporate parent in any case arising out of the in-state acts of the subsidiary. While such a statutory rule might, if enacted, be constitutional, *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925); *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406 (9th Cir. 1977); *Crucible, Inc. v. Stora Kopparbergs Bergslags AB*, 403 F.Supp. 9, 13 (W.D.Pa.1975), it is clear that neither the Federal Rules nor the Commonwealth has such a provision. Under the long-arm statute, plaintiff must establish that Glassco was, in fact, acting as defendant's agent.

It is apparent from McAuley's testimony that Glassco was subject to some degree of control by NSI. NSI, to some extent, directs the marketing, auditing and advertising functions of its subsidiaries, but the parent does not control the day-to-day operations of its affiliates. (Dep.47). There is no evidence of an intercorporate relationship of NSI and Glassco with regard to the specific acts which gave rise to plaintiff's claim. Although the requisite agency control may be easier to establish when a parent-subsidiary relationship is involved than in other contexts, *Wells Fargo & Co. v. Wells Fargo Express Co.*, supra, we find that the evidence of control is insufficient to subject the defendant to service for the acts of Glassco under the agency rationale. This is in accord with the decision of Judge Diamond of this Court in *Croyle v. Texas Eastern Corp.*, 464 F.Supp. 377 (W.D.Pa. 1979). *See also Saraceno v. S. C. Johnson and Son, Inc.*, 83 F.R.D. 65 (S.D.N.Y.1979).

In *Wells Fargo & Co. v. Wells Fargo Express Co.*, supra, and *Energy Reserves Group, Inc. v. Superior Oil Co.*, 460 F.Supp. 483 (D.Kan.1978), on which plaintiff relies, the courts read the applicable long-arm statutes broadly to reach a nonresident that, through "an instrumentality," transacts business in the forum of the district court. The statutory language, "an instrumentality," which is found in both the Nevada long-arm statute, Nev.Rev.Stat. § 14.-065(2), and the Kansas long-arm statute, K.S.A. § 60–308(b), is conspicuously absent from the Pennsylvania long-arm statute. We conclude that such language is not mere surplusage and must embrace more than "agency." The Pennsylvania long-arm statute falls short of providing a means of service on any entity that transacts business through "an instrumentality," including defendant herein.