## ROBERT C. McDERMOND AND ARTHUR J. FRITZ, APPELLANTS, v. JOHN SIEMENS, RESPONDENT.

### No. 11617

February 28, 1980          607 P.2d 108

*Mills, Galliher, Lukens, Gibson & Schwartzer,* Las Vegas, for Appellants.

*Eugenia Pintos Ohrenschall,* Las Vegas, for Respondent.

## OPINION

By the Court, MANOUKIAN, J.:

In this appeal by plaintiffs-appellants we are asked to determine whether the district court abused its discretion in granting summary judgment for respondent. The complaint filed below

was to enforce an Arizona judgment against respondent. The district court found that the Arizona court was without jurisdiction over respondent. We affirm.

In December of 1976, appellants filed an action on a promissory note against respondent and other named defendants in an Arizona Superior Court. Appellant McDermond alleged that on November 19, 1974, he had loaned $30,000 to Nezona Corporation of Arizona. Respondent, a non-domicilliary of Arizona, was personally served in Nevada. This service was pursuant to Arizona law. Ariz.R.Civ.P., Rules 4(d)(1), 4(e)(2)(b) (1973). None of the defendants entered an appearance and their defaults were entered on February 8, 1977 by the Arizona court, which found that all the defendants had caused an event to occur in the state out of which the claim arose and thus were subject to the jurisdiction of that court. The Arizona court also determined that the corporation was in fact the alter ego of not only the defendant, Siemens, but of two other named defendants. This conclusion was unsupported by any factual finding.

This action was instituted by appellants on November 14, 1977, seeking to enforce the Arizona default judgment against respondent. Respondent answered denying the allegations in the complaint. Respondent also interposed the affirmative defense of lack of jurisdiction by the Arizona court. Appellants moved for summary judgment asserting proper jurisdiction. This motion was opposed by respondent.

Respondent subsequently filed a cross-motion for summary judgment. The district court granted the motion. Appellants filed a motion for rehearing and attached an affidavit which apparently was not in the court's record although purportedly filed previously with the first motion for summary judgment.

On December 19, 1978, the district court entered summary judgment for respondent "for the reason that the State of Arizona lacked in personam jurisdiction over [respondent] . . . ." This appeal followed.

Appellants argue that there were remaining issues of fact and that a summary judgment and dismissal was improper. Of course, summary judgment may be granted only if the pleadings and affidavits show that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." NRCP 56(c). We have stated that we will review the evidence in a light most favorable to the non-moving party and give that party the benefit of any favorable inferences. Golden Nugget, Inc. v. Ham, 95 Nev. 45, 46–47,

589 P.2d 173, 174 (1979); Lipshie v. Tracy Investment Co., 93 Nev. 370, 375, 566 P.2d 819, 822 (1977). Additionally, "a litigant has a right to a trial where there is the slightest doubt as to the facts." Golden Nugget, Inc. v. Ham, 95 Nev. at 46–47, 589 P.2d at 174, *quoting* McColl v. Scherer, 73 Nev. 226, 231–32, 315 P.2d 807, 810 (1975).

We recognize that Arizona law is controlling as to the question of jurisdiction over respondent by that state. *See* Ariz.R.Civ.P., Rules 4(d)(1), 4(e)(2)(b) (1973). And jurisdiction may be extended to the extent allowed by the United States Constitution. Manufacturers' Lease Plans, Inc. v. Alverson Draughon College, 565 P.2d 864, 865 (Ariz. 1977). But a state may only acquire in personam jurisdiction over a non-resident defendant if he has "minimum contacts" with the state so that maintenance of the suit will not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). *Accord,* Hanson v. Denckla, 357 U.S. 235 (1958); Mizner v. Mizner, 84 Nev. 268, 439 P.2d 679 (1968). *See* World-Wide Volkswagen Corp. v. Woodson, 100 S.Ct. 559 (1980). And, in certain situations, personal jurisdiction may be asserted over a non-resident individual when a resident corporation is in fact the alter ego of that individual. Croyle v. Texas Eastern Corp., 464 F.Supp. 377, 379 (D.Pa. 1979); Graber v. Prelin Industries, Inc., 368 F.Supp. 1358, 1364–66 (D.S.D. 1974); Lodge v. Western New York Dance Studios, Inc., 279 N.Y.S.2d 756, 759 (Sup.Ct. 1967). Nevertheless, under NRCP 56(e), the affidavit filed by appellants here was insufficient as a matter of law to support any finding of jurisdiction.

With respect to the 1974 execution of the subject note, the affidavit filed by appellants only alleges that, at the time, they "were not informed that [respondent] had severed his relationship whith Nezona, Inc., but were at all times informed that [respondent] was active in the operation and management of Nezona, Inc." This allegation, even if true, is certainly insufficient to show that respondent was involved with the execution of the subject note or that he was generally subject to the jurisdiction of Arizona courts at that time. Indeed, we are unable to ascertain just who "informed" appellants of respondent's alleged activity. Moreover, this does not even suggest such control of a corporation, or underlying fraud or injustice which would justify the setting aside of the corporate entity. *See* North Arlington Medical Bldg. Inc. v. Sanchez

Constr., 86 Nev. 515, 471 P.2d 240 (1970). Additional allegations are that appellant McDermond met with respondent and the president of Nezona, Inc. in 1975 to discuss company mining operations. Respondent was purportedly introduced as a part-owner and active participant of the company. Finally, appellant McDermond stated that, in February of 1976, he met again with the company president who informed McDermond that respondent "was still a stockholder of Nezona, Inc.," and had made a large investment. Respondent's affidavit showed, inter alia, that he had resigned as a director effective August 29, 1974. McDermond said he "was never informed that respondent resigned as chairman of the board of directors of Nezona, Inc."

We fail to see how these alleged facts constitute sufficient bases for the assertion of jurisdiction by Arizona over respondent. Although the Arizona court stated that respondent, as one of the many defendants, had caused an event to occur within the state and that the company was in fact the alter ego of respondent, no facts were stated to support these conclusions. Appellant's affidavit does not establish a sufficient nexus between respondent and the executed note, or between respondent and the corporation to show alter ego. The affidavit merely states that in 1974 respondent was active in managing the corporation. The most that can be said for subsequent years was that respondent was a stockholder. We observe that the affidavit did not state that respondent was in fact the chairman of the board. On the contrary, respondent stated he was never the chairman of the board nor was he a stockholder.

Appellants cannot rely on an extraterritorial judgment based on unsubstantiated factual conclusions or an affidavit which fails to connect a defendant to the forum or a particular transaction. *Cf.* Davidson & Co. v. Allen, 89 Nev. 126, 130, 508 P.2d 6, 8 (1973) (insufficient minimum contacts for Canadian court's exercise of in personam jurisdiction over American domicilliary in contract action where defendants were never present in Canada, did not commit any acts there, had no contact with the plaintiff either in Canada or in Nevada, and made no appearance in that action). Appellants failed to meet their burden of establishing jurisdiction. *See* Basic Food Indus., Inc. v. District Court, 94 Nev. 111, 575 P.2d 934 (1978).

We affirm the summary judgment in favor of respondent.

MOWBRAY, C. J., and THOMPSON and BATJER, JJ., concur.

GUNDERSON, J., concurring:
I concur in the result.