MOBIL OIL CORPORATION, a New York Corporation, Appellant, v. FIRST WESTERN SAVINGS ASSOCI-ATION, a Nevada Corporation, Respondent.

No. 11244

July 28, 1980                    614 P.2d 6

---

*Vargas, Barlett and Dixon* and *Christopher L. Kaempfer,* of Las Vegas, for Appellant.

*Dickerson, Miles & Pico* and *Bert O. Mitchell,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

First Western Savings Association commenced this action for declaratory relief seeking a determination of the parties' rights and duties in certain leased premises. The district court found as a matter of law that Mobil's interest in the property was a month-to-month tenancy and that the lease had terminated. Summary judgment was entered for First Western. It is Mobil's appellate contention that material issues of fact remain and that the entry of summary judgment was therefore error.

Mobil leased certain Las Vegas Strip property from First Western's predecessor in interest, Theresa Cardinal. To renew its lease, Mobil was required to give notice of its election to renew to the lessor at least 30 days prior to the expiration of the then current term. The lease required all notices to be in writing and delivered personally or sent by registered or certified mail to the lessor at a stated address unless changed by notice.

In 1961, Cardinal executed a deed of trust on the property to secure an obligation to First Western. Thereafter, First Western notified Mobil that default proceedings had been instituted against Cardinal and that during the default, rents were to be

paid to First Western. In April of 1966, First Western foreclosed on its deed of trust and became record owner of the premises. Notice of the change of ownership was never sent to Mobil Oil.

By letter dated April 24, 1969, Mobil notified Theresa Cardinal of its intent to renew its lease. It did not send like notice to First Western. In July of 1969, First Western notified Mobil that by reason of its failure to send a renewal notice to First Western, the lease was terminated. The district court agreed and this appeal followed.

The transferee of a lessor has an affirmative duty to bring home to the lessee notice of the transfer of the lease. Until this is done, the obligation of the lessee to perform his covenants does not extend to the transferee. Snortland v. Olsonowski, 238 N.W.2d 215 (Minn. 1976); Pillsbury Inv. Co. v. Otto, 65 N.W.2d 913 (Minn. 1954); cf. American Oil Co. v. Rasar, 308 S.W.2d 486 (Tenn. 1957) (where, in light of the factual circumstances, the court found such notice as a matter of law.)

In this case, actual notice of the change in ownership was never given to Mobil by First Western. Actual notice, however, is not required. Mobil may also be charged with all facts which by proper inquiry it might have ascertained. Bottini v. Mongolo, 45 Nev. 245, 197 P. 702 (1921). First Western contends that Mobil's notice of a new lessor can be inferred from a series of exchanges between the parties. In determining the propriety of a summary judgment, however, we must indulge in all inferences favorable to appellant, Mobil Oil. Round Hill Gen. Improvement v. B-Neva, 96 Nev. 181, 606 P.2d 176 (1980); American Fence, Inc. v. Wham, 95 Nev. 788, 603 P.2d 274 (1979). The fact that Mobil sent its notice of renewal to Theresa Cardinal rather than First Western gives rise to the inference that Mobil had no notice of a change in its lessor. As an issue of material fact regarding such notice exists, summary judgment should not have been granted.[1] McDermond v. Siemens, 96 Nev. 226, 607 P.2d 108 (1980).

Reversed.

---

[1]This case was consolidated with Summa Corporation v. The Eighth Judicial District Court of the State of Nevada, Docket No. 12175, for the purpose of oral argument.