JANET BURNS, Petitioner, *v.* THE SECOND JUDICIAL DISTRICT COURT of the State of Nevada, in and for the County of Washoe, and THE HONORABLE JOHN W. BARRETT, Judge of the Second Judicial District Court of the State of Nevada, in and for the County of Washoe, Respondents.

No. 12629

April 30, 1981                                     627 P.2d 403

*Durney, Guinan & Brennan,* Reno, for Petitioner.

*Hibbs & Newton,* and *Frank H. Roberts,* Reno, for Respondents.

## OPINION

*Per Curiam:*

In this mandamus proceeding, petitioner contends the district court should be required to assert personal jurisdiction over a non-resident defendant, Gold Coast Leasing Company, in an action involving personal injuries. The claim for relief against Gold Coast and other defendants is based on products liability and negligence.

Billie Ruiz, while a resident of California, leased an International Scout from Gold Coast Leasing Company, a California corporation. Ruiz subsequently notified Gold Coast of his intent to move to Nevada. He continued to lease the Scout from Gold Coast, mailing the lease payments from Nevada. Pursuant to agreement with Gold Coast, Ruiz also obtained insurance on the vehicle in Nevada and registered the vehicle here in the name of old Coast.

On April 19, 1975, Ruiz was driving the Scout near Fallon when it overturned. At the time of the accident petitioner was a passenger in the Scout. She sustained injuries and later sued Gold Coast, among others, for damages, contending the vehicle had been altered so as to be defective. The action was filed in Nevada. Gold Coast filed a motion to quash service of process on the grounds that it had insufficient contacts with the state and therefore the court had no basis upon which to assert personal jurisdiction over it. The court granted the motion and this original proceeding followed.[1]

Petitioner argues that Gold Coast's acceptance of the lease payments for a vehicle insured, registered and located in Nevada was a contact sufficient enough to subject Gold Coast

---

[1]Mandamus is the appropriate means by which an order quashing service of process may be challenged. Jarstad v. National Farmers Union, 92 Nev. 380, 552 P.2d 49 (1976).

to the personal jurisdiction of the Nevada court under NRS 14.065 or 14.080.[2] The exercise of jurisdiction under such long arm statutes, consistent with the Due Process Clause of the Fourteenth Amendment, is predicated upon the existence of minimum contacts between the defendant and the forum state. *World-Wide Volkswagen Corp.* v. *Woodson*, 444 U.S. 286 (1980). *See* Basic Food Indus., Inc. v. District Court, 94 Nev. 111, 575 P.2d 934 (1978). In *World-Wide Volkswagen,* the plaintiffs were injured in an automobile accident in Oklahoma. They had purchased their automobile in New York and attempted to sue the automobile retailer and its wholesaler, both New York corporations, in Oklahoma. The Court held that the Oklahoma court could not assert personal jurisdiction over the nonresident defendants, stating, *id.* at 295:

[W]e find in the record before us a total absence of those affiliating circumstances that are a necessary predicate to any exercise of state-court jurisdiction. Petitioners carry on no activity whatsoever in Oklahoma. They close no sales and perform no services there. They avail themselves of none of the privileges and benefits of Oklahoma law. They solicit no business there either through salespersons or through advertising reasonably calculated to reach the State. Nor does the record show that they regularly sell cars at wholesale or retail to Oklahoma customers or residents or that they indirectly, through others, serve or seek to serve the Oklahoma market. In short, respondents seek to base jurisdiction on one, isolated occurrence and whatever inferences can be drawn therefrom: the fortuitous circumstance that a single Audi automobile, sold in New

---

[2]NRS 14.065 provides in part:

2. Any person who, in person or through an agent or instrumentality, does any of the acts enumerated in this subsection thereby submits himself and, if an individual, his personal representative to the jurisdiction of the courts of this state as to any cause of action which arises from the doing of such acts:

(a) Transacting any business or negotiating any commercial paper within this state;

(b) Committing a tortious act within this state [.]

NRS 14.080 provides in part:

1. Any company, firm, partnership, corporation or association created and existing under the laws of any other state, territory, foreign government or the Government of the United States, which manufactures, produces, makes, markets or otherwise supplies directly or indirectly any product for distribution, sale or use in this state may be lawfully served with any legal process in any action to recover damages for injury to person or property resulting from such distribution, sale or use in this state in the manner prescribed in this section.

York to New York residents, happened to suffer an accident while passing through Oklahoma.

In his order granting the motion to quash, the district judge relied on *World-Wide Volkswagen,* stressing Gold Coast's lack of on-going business activity in Nevada and concluding that:

[Gold Coast] has no connection with Nevada, other than the mere foreseeability that one of its leased vehicles might end up here. The unilateral activity of Ruiz in moving to Lovelock, Nevada, and making lease payments from there simply does not provide the requirement that [Gold Coast] have contact with Nevada greater than this mere foreseeability.

However, in our view, *World-Wide Volkswagen* is distinguishable from this case. Here, Gold Coast purposely availed itself of the privilege of acting in Nevada by allowing Ruiz to bring the vehicle to Nevada and requiring him to insure and register it here in the name of Gold Coast. *Cf.* Hanson v. Denckla, 357 U.S. 235 (1958); McGee v. International Life Ins. Co., 355 U.S. 220 (1957). Thus, there is a distinction between Gold Coast's activities in the state and those present in *World-Wide Volkswagen.* Under these circumstances, the exercise of personal jurisdiction over Gold Coast by the Nevada court would not be unreasonable if Gold Coast is properly served with process pursuant to NRS 14.065 or 14.080. *See* Certain-Teed Prods. v. District Court, 87 Nev. 18, 479 P.2d 781 (1971).

Accordingly, the petition for a writ of mandamus is granted. The district court shall accept personal jurisdiction over Gold Coast in the proceedings below.