WILMACK, INC., PETITIONER, *v.* SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA IN AND FOR THE COUNTY OF WASHOE, AND HONORABLE WILLIAM N. FORMAN, DISTRICT JUDGE, RESPONDENTS.

No. 12549

October 29, 1981                                    635 P.2d 296

[1]The Governor designated The Honorable Robert G. Legakes, District Judge, to sit in place of THE HONORABLE E. M. GUNDERSON, Chief Justice, who voluntarily excused himself. Nev. Const. Art. 6, § 4.

[Petition for rehearing denied March 30, 1982]

*Hibbs, Newton & Roberts,* and *Edward J. Lemons,* Reno, for Petitioner.

*Erickson, Thorpe, Swainston & Cobb; Wait, Shamberger, Georgeson, McQuaid & Thompson,* Reno, for Respondents.

## OPINION

*Per Curiam:*

Respondent and Real Party in Interest Carveth was seriously injured while a passenger in a Volkswagen involved in a head-on collision near Truckee, California. Carveth, a California resident, attributes his injuries to a modification made to the car at the request of a previous owner. The work was done at an auto repair shop in Sparks, Nevada. In order to accomplish the modification, it was necessary to remove the spare tire from its original position, where it shielded the fuel tank. On impact, the tire was hurled into the passenger compartment, injuring Carveth.

The purpose of this alteration was to install a "Baja Bug Kit" which was designed and manufactured by Petitioner Wilmack. The kit was obtained from a Nevada resident who had purchased it from a Nevada retailer. The mechanic who installed the kit and the retailer were joined as defendants with Wilmack in the products liability complaint.

Wilmack filed a special appearance for a motion to quash service, claiming that the district court lacked jurisdiction over Wilmack because it was neither incorporated nor qualified to do business in Nevada, the accident did not occur here, and the injured plaintiff is not a Nevada resident. The motion was denied and this petition followed.

Essentially, the issue presented in this appeal is whether this state's exercise of jurisdiction over a nonresident manufacturer would be consistent with the due process clause of the Fourteenth Amendment when the only practical justification for doing so would be that Nevada is the most convenient forum for the real party in interest. Although there was at one time a strong jurisprudential trend emphasizing convenience of forum over all other jurisdictional considerations,[1] the United States Supreme Court has recently made it clear that, while convenience of forum may be considered as one element, jurisdiction based upon forum convenience alone is improper under the due process clause. World-Wide Volkswagen v. Woodson, 444 U.S. 286 (1980).

In Abbott v. Harrah, 90 Nev. 321, 526 P.2d 75 (1974), this court applied the Hanson v. Denkla, 357 U.S. 235 (1958) criteria in defining the outer limits of *in personam* jurisdiction over an out of state defendant based upon a single act within the forum state. These criteria are:

> (1) that the defendant purposefully avail himself of the privilege of doing business or causing important consequences within the state,
>
> (2) the cause of action must arise from the consequences in the forum state of the defendant's activities, and
>
> (3) the activities or their consequences must have a substantial enough connection with the state to make the exercise of jurisdiction reasonable.

Here, although it can be inferred that the kit was sold indirectly to a Nevada business, there is no assertion that Wilmack took part in, was aware of, or should have foreseen that transaction. Burns v. Second Judicial District, 97 Nev. 237, 627 P.2d 403 (1981). The complaint simply fails to allege actions taken by Wilmack with relation to this forum which would make our exercise of jurisdiction reasonable under federal standards.

Although our products liability long arm statute, NRS 14.080, states in the disjunctive the three means by which a foreign manufacturer can become subject to service in Nevada,[2] this court has limited that statute to apply only to

---

[1] "It appears that the attraction of the most convenient forum will eventually be the jurisdictional test applied." Metal-Matic, Inc., v. District Court, 82 Nev. 263, 267, 415 P.2d 617, 620 (1966).

[2] A. NRS 14.080. Products Liability: Service of process on foreign manufacturers, producers, suppliers.

> 1. Any company, firm, partnership, corporation or association created and existing under the laws of any other state, territory, foreign government or the Government of the United States, which

service of process upon a foreign corporation whose product has caused injury in this state. Metal-Matic, Inc. v. District Court, 82 Nev. 263, 415 P.2d 617 (1966).

Even if the statute had not been so limited, under the facts of this case, because of the lack of contacts between Wilmack and this forum, an exercise of this forum's jurisdiction under NRS 14.080 would be inconsistent with both the due process clause of the Fourteenth Amendment and extant case law of this jurisdiction. Burns v. Second Judicial District Court, 97 Nev. 237, 627 P.2d 403 (1981).

Accordingly, the petition for a writ of prohibition is granted.

GUNDERSON, C. J., and BATJER and MOWBRAY, JJ., and ZENOFF, Sr. J.[3], CONCUR.

---

manufactures, produces, makes, markets or otherwise supplies directly or indirectly any product for distribution, sale *or* use in this state may be lawfully served with any legal process in any action to recover damages for injury to person or property resulting from such distribution, sale or use in this state in the manner prescribed in this section. (Emphasis added.)

[3]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in place of THE HONORABLE CHARLES E. SPRINGER, who was disqualified. Nev. Const. art. 6, § 19; SCR 10. Justice NOEL E. MANOUKIAN disqualified himself subsequent to submission of this case; however, designation of a substitute district judge does not appear essential to disposition of the issues presented.