GOLDEN NUGGET, INC., a Nevada Corporation, Appellant, v. A. W. HAM, Jr., an Individual, FIRST NATIONAL BANK OF NEVADA, as Trustee Under That Certain Trust Agreement, Dated June 27, 1973, Wherein A. W. Ham, Jr. is Trustor and Bank of Nevada is Trustee, and DORIS HAM SHUPE, an Individual, Respondents.

No. 12569

June 25, 1982                                        646 P.2d 1221

---

[1] We express no opinion on what the outcome of that hearing should be.

*Hilbrecht, Jones, Schreck & Bernhard,* Las Vegas, and *Ronald M. Sohigian,* Los Angeles, for Appellant.

*Wiener, Waldman & Gordon,* Las Vegas, and *Laurence A. Speiser,* Las Vegas, for Respondent A. W. Ham, Jr.

*Morse-Foley,* Las Vegas, for Respondent First National Bank of Nevada.

## OPINION

*Per Curiam:*

Appellant, Golden Nugget, Inc. (GNI), alleges, *inter alia,* that the trial court erred in finding that appellant's claim against respondents is barred by the statute of limitations. We

agree with the trial court, and therefore decline to address the several other issues raised in this appeal.

The underlying facts of this case have been discussed in our decision of Golden Nugget, Inc. v. Ham, 95 Nev. 45, 589 P.2d 173 (1979). In summary, Golden Nugget, Inc. seeks damages for breach of fiduciary duty by Ham and a declaration that it is the legal owner of an undivided one-half interest in certain real property presently held in trust by First National Bank. GNI's action is based on the fact that in 1969, while serving as corporate director and counsel for GNI, Ham leased from his former wife, Doris Ham Shupe, an undivided one-half interest in and option to purchase real property on Fremont Street in Las Vegas. At the time of the lease transaction, GNI had extended its operations to every other lot on Fremont Street through a series of property acquisitions. GNI asserts that Ham breached his fiduciary duty to GNI by failing to advise the corporation of its opportunity to lease Shupe's interest in the property.

In Golden Nugget, *supra,* we reversed the trial court's order granting respondents' motion for summary judgment based on the running of the three year statute of limitations. NRS 11.190(3)(d). On remand and after trial on the merits, the trial court again determined that the action was barred by the statute of limitations. Based on the record now before us, we agree.

GNI filed its cause of action in September 1974. The applicable statute of limitations for breach of fiduciary duty is the three year period provided by NRS 11.190(3)(d). Shupe v. Ham, 98 Nev. 61, 639 P.2d 540 (1982). The statute of limitations does not commence to run, however, until "appellant knew or reasonably should have known facts giving rise to respondent's alleged breach of fiduciary duty." Shupe v. Ham, *supra* at 65, 639 P.2d at 542.

The trial court determined that appellant knew or reasonably should have known such facts by November 10, 1970, the day GNI circulated a consent statement seeking stockholder approval of the corporation's lease of the subject property from Ham. We find substantial evidence to support that finding, and will not disturb the trial court's decision on appeal.

There was testimony that prior to the Ham/Shupe lease, Ham apprised the president of GNI that he intended to lease Shupe's one-half interest in the property. Mathew Grossman was an independent attorney hired by GNI to prepare the consent statement for the 1970 Ham/GNI lease, but who also drafted certain changes in the Ham/GNI lease related to his

knowledge of the 1969 Ham/Shupe lease agreement. In addition, there was evidence that Grossman received a letter from Ham describing the Ham/Shupe property settlement agreement in which Shupe acquired her one-half interest in the subject property and that he received a copy of the Ham/Shupe 1969 lease prior to November 10, 1979. The consent statement clearly indicated that Ham had held Shupe's one-half undivided interest in trust after the property settlement agreement and then had leased that interest in August 1969 for 99 years, at $7,500 per month with an option to purchase for $1,000,000. Grossman reviewed the entire consent statement with GNI's board of directors prior to its circulation in November 1970.

In Golden Nugget v. Ham, *supra,* we stated that "[m]ere disclosure of a transaction by a director, without disclosure of the circumstances surrounding the transaction, is not sufficient, as a matter of law, to commence the running of the statute." *Id.* at 48, 589 P.2d at 175. We also determined that as corporate director and counsel, Ham was under a duty not only to inform GNI of the circumstances of the transaction, but also to advise GNI of its legal rights regarding the lease from Shupe.

We do not abrogate that holding today. In our prior decision, our concern was whether the statute of limitations had run as a matter of law. In that case, an issue of material fact was raised by the affidavit of William Boyd, a GNI director, who asserted that no knowledge of GNI's opportunity was available until June, 1973. *Id.* at 48, 589 P.2d at 175. The effect of our ruling was simply to remand the issue to the court for a full trial on the merits. Not only did Boyd fail to testify at trial to explain the claim made in the affidavit, but GNI provided no other evidence to demonstrate what facts it received *after* November 10, 1970, which led it to discover that Ham had usurped a corporate opportunity and thereby breached his fiduciary duty. In short, as respondents argue, the facts available to GNI at the filing of the complaint appear no different from those it had on November 10, 1970.

We recognize that where a fiduciary relationship exists, "facts which would ordinarily require investigation may not excite suspicion." Bennett v. Hibernia Bank, 305 P.2d 20, 33 (Cal. 1956). And the statute of limitations may be tolled if a fiduciary fails to fulfill his obligations and also fails to inform the other party of his failure, resulting in fraudulent concealment. Allen v. Webb, 87 Nev. 261, 485 P.2d 677 (1971). However, fraudulent concealment must be alleged with

particularity. The plaintiff must show the means by which previously unknown information was acquired within the statutory period which led to discovery of the concealment and underlying breach of fiduciary duty. *See* Bennett v. Hibernia Bank, *supra* at 35; Bainbridge v. Stoner, 106 P.2d 423 (Cal. 1940); Bank of America National Trust and Savings Ass'n v. Williams, 200 P.2d 151 (Cal.App. 1949). The record before us is devoid of such specific averments and proof.

We conclude that GNI possessed sufficient facts by November 1970 to cause a reasonable person to inquire as to the circumstances of the Ham/Shupe lease and GNI's rights thereto. Therefore, the suit is barred by the limitation period.

We affirm the judgment of the district court.

GUNDERSON, C. J., MANOUKIAN, SPRINGER, and STEFFEN, JJ., and McKIBBEN, D. J.,[1] concur.

[1]The Governor designated the Honorable Howard McKibben, Judge of the Ninth Judicial District Court, to sit in the place of THE HONORABLE JOHN MOWBRAY, Justice, who voluntarily disqualified himself. Nev. Const., art. 6, § 4.