**SAGE COMPUTER TECHNOLOGY, a Nevada corporation, Plaintiff,**

v.

**P–CODE DISTRIBUTING CORPORATION, a Texas corporation, and David Winstanley, an individual, Defendants.**

**No. CV–R–83–199–ECR.**

United States District Court,
D. Nevada.

Dec. 15, 1983.

William E. Peterson, Reno, Nev., for plaintiff.

Robert A. McQuaid, Jr., Reno, Nev., for defendants.

## ORDER

EDWARD C. REED, Jr., District Judge.

The defendants have moved for dismissal of the action on the ground that the Court lacks personal jurisdiction over them. Fed. R.Civ.P. 12(b)(2). Affidavits and memoranda of points and authorities have been filed by both sides and an evidentiary hearing was held on December 12, 1983.

This is a diversity case wherein the plaintiff (Sage) seeks to recover judgment for a balance of $16,375.60 for computers and accessories sold by it to the defendant corporation (P-Code). The complaint alleges claims for relief sounding in breach of contract, goods sold and delivered, and account stated.

A Distributor Agreement dated December 1, 1982, is incorporated into the complaint. It is between Sage and P-Code. The president of the plaintiff corporation signed for the plaintiff, and individual defendant David Winstanley (Winstanley) executed the agreement for P-Code in his capacity as its president. In the Agreement P-Code was appointed exclusive distributor for all Sage products in Texas, Oklahoma, Arkansas, Louisiana and Mississippi.

Certain provisions of the Agreement are relevant to the instant motion. For example, all products are sold and shipped F.O.B. Reno, Nevada, with risk of loss or damage passing to P-Code upon delivery to the first common carrier. Freight, insurance and excise taxes are to be paid by P-Code, in addition to the purchase price for the products. P-Code is deemed to be an independent contractor, and not an agent of Sage. Finally, paragraph 17 of the Agreement reads: "This agreement is made, shall take effect, be construed and entered in Reno, Nevada, in accordance with the laws of the State of Nevada."

Based on the evidence before it, the Court finds that P-Code's principal place of business is in Texas and that it has not had any significant business contacts in Nevada other than with Sage. It was incorporated in Texas, purportedly on December 17, 1982. Winstanley's important business contacts with Nevada have been directly in connection with the Distributor Agreement between Sage and P-Code. He was first approached in Texas in October or November of 1982 by a representative of Sage, who urged him to consider becoming a distributor for Sage's products. The Distributor Agreement itself was negotiated at a trade show in Las Vegas, Nevada, on December 1, 1982. It then was typed up in Reno and mailed to Texas for execution by the defendants. The first order was placed by P-Code on December 29, 1982. Altogether there were more than a dozen orders placed, the last ones being in April 1983. The orders were placed by telephone from Dallas, Texas, to Reno. Sage paid the common carrier for freight and insurance, and added such sums to P-Code's bill.

■ The issue of whether the Court may exercise in personam jurisdiction over Winstanley is resolved by the fiduciary shield doctrine. The only contention of Sage that might raise an inference that he was acting on his own behalf, rather than P-Code's, is that the Agreement signed by him is dated December 1, 1982, and P-Code allegedly did not come into corporate existence until sixteen days later. However, the evidence indicates that the written Agreement memorializes the understanding reached in Las Vegas on December 1, 1982. Further, the facts reflect an intention on both sides for the Agreement to be between the two corporations. The fiduciary shield doctrine recognizes that if an individual's only contacts with a particular state are in his capacity as a fiduciary of a corporation, he may be shielded from that state's exercise of personal jurisdiction over him. *Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 902 (2nd Cir.1981). It is applicable absent a showing that the individual was really concealing his personal activity behind the corporate shield.

*Idaho Potato Com'n v. Washington Potato Com'n,* 410 F.Supp. 171, 183 (D.Ida. 1975); *see also McDermond v. Siemens,* 96 Nev. 226, 607 P.2d 108, 110 (1980). The reason for the doctrine is the unfairness of forcing a person to defend himself in a forum where his only contacts were for the benefit of his employer, rather than himself. *Marine Midland Bank* at 902. Defendant Winstanley is entitled to have the complaint against him dismissed.

■ A two-step test determines the propriety of asserting personal jurisdiction over P-Code. First, Nevada's long-arm statute must potentially confer jurisdiction over it and, second, the exercise of that jurisdiction must be consistent with federal due process. *Raffaele v. Compagnie Generale Maritime,* 707 F.2d 395, 396 (9th Cir.1983); *Amba Marketing Systems, Inc. v. Jobar Intern., Inc.,* 551 F.2d 784, 787 (9th Cir.1977).

■ Nevada's long-arm statute states that any person who transacts any business within the State submits himself to the jurisdiction of Nevada's courts as to any cause of action arising therefrom. NRS 14.065(2)(a). The Nevada courts' interpretation of the statute is controlling. *Greenspun v. Del E. Webb Corp.,* 634 F.2d 1204, 1207 (9th Cir.1980). Although the statute has been construed liberally, it contemplates only claims for relief arising from an act specified therein which took place in Nevada. *Ibid.; see also Shapiro v. Pavlikowski,* 98 Nev. 548, 654 P.2d 1030, 1031 (1982); *Wells Fargo & Co. v. Wells Fargo Exp. Co.,* 556 F.2d 406, 417 (9th Cir.1977). Mere impact or effects caused within the State from outside activities is not sufficient to support the exercise of jurisdiction. *Basic Food Industries, Inc. v. Eighth Judicial Dist. Ct.,* 94 Nev. 111, 575 P.2d 934, 936 (1978); *Greenspun* at 1208. For the purpose of this discussion, the provisions of the Distributor Agreement make the long-arm statute potentially applicable.

■ Since P-Code's contacts with Nevada were not so significant as to justify

general jurisdiction over it no matter what claims for relief are asserted against it, attention must be focused on whether due process permits the exercise of limited jurisdiction over it as to Sage's claims for relief, which allegedly arose from P-Code's transaction of business within the State. Three criteria are applied in making such determination: (1) P-Code must have performed some act by which it purposefully availed itself of the benefits and protection of Nevada's laws; (2) Sage's claims must have arisen or resulted from P-Code's Nevada-related activities; and (3) the exercise of jurisdiction must be reasonable. *Raffaele* at 397; *Rocke v. Canadian Auto. Sport Club*, 660 F.2d 395, 398 (9th Cir. 1981).

Even a single contact with or activity in the forum state may satisfy the constitutional test for minimum contacts where the claim for relief arises therefrom. *Wells Fargo* at 415. Here, the Agreement was negotiated in Nevada, the State's law was specified as controlling in construing it, substantial purchases were made from the Nevada manufacturer by P-Code pursuant to the Agreement via phone calls into the State, and the claims for relief arose from those very purchases. These contacts and activities satisfy all three criteria for the exercise of personal jurisdiction over P-Code. *See Jadair, Inc. v. VanLott, Inc.*, 512 F.Supp. 1141, 1144 (E.D.Wis. 1981).

P-Code's connections with Nevada have been shown to be such that it should reasonably anticipate being haled into court here. *See Raffaele* at 397. Once jurisdiction was challenged, the plaintiff had the burden of proving facts to establish jurisdiction, by a preponderance of evidence. *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1289 (9th Cir.1977); *Amba Marketing Systems, Inc. v. Jobar Intern., Inc.*, 551 F.2d 784, 787 (9th Cir. 1977). This, Sage has done.

IT IS, THEREFORE, HEREBY ORDERED that defendant David Winstanley's motion to dismiss for lack of personal jurisdiction be GRANTED.

IT IS FURTHER ORDERED that the complaint against defendant David Winstanley be, and the same hereby is, DISMISSED.

IT IS FURTHER ORDERED that defendant P-Code Distributing Corporation's motion to dismiss for lack of personal jurisdiction be DENIED.