TOBY SCHIER, Appellant, v. THE HERTZ CORPORATION, Respondent.

No. 13958

June 9, 1983                                                663 P.2d 1185

*Greenman, Goldberg & Raby,* Las Vegas, for Appellant.

*Beckley, Singleton, DeLanoy & Jemison,* and *Jack C. Cherry,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a summary judgment in respondent's favor.

On August 17, 1979, appellant Schier's husband leased an automobile from respondent Hertz Corporation (Hertz). Three days later, while operating the leased vehicle, Schier and her husband were involved in an automobile accident with an uninsured vehicle driven by Hazel Jones and owned by Arthur Sharpe. Schier was a passenger in the leased vehicle and was injured. She subsequently sued Jones and Sharpe in district court seeking recovery for her injuries and received a default judgment against them for $33,100.

On October 22, 1981, Schier filed a complaint against Hertz in district court. She alleged, in effect, that Hertz was obligated under the lease agreement to provide uninsured vehicle coverage and that Hertz was therefore indebted to her in the amount of $33,100. Thereafter, both Schier and Hertz moved for summary judgment. The district court granted Hertz's motion. Schier's appeal followed. We reverse.

In her motion for summary judgment Schier argued that Hertz was obligated to provide uninsured motorist coverage under the following provision of the lease agreement:

> 9. LIABILITY COVERAGE. *Lessor provides liability coverage* for Customer and any operator authorized by Lessor in accordance *with the standard provisions of a Basic Automobile Liability Insurance Policy as required in the jurisdiction in which the vehicle is operated* (excluding optional coverages) against liability for bodily injury, including death (limits $100,000 each person, $300,000 each accident) and property damage (limit $25,000) arising from use of Vehicle as permitted by this Agreement. Coverages hereunder shall automatically conform to the requirements of any "No-Fault" Law which may be applicable. In the event that coverage is imposed, by operation of law, to the benefit of any person other than the Customer . . . then *the limits of such coverage shall be the minimum requirements of the Financial Responsibility Law or other applicable statute of the state or other jurisdiction in which the accident occurred. . . .* (Emphasis added.)

Further, Schier contended that NRS 690B.020 requires automobile liability insurance policies to include uninsured motorist coverage.[1] Since Hertz agreed to provide insurance

---

[1]NRS 690B.020 provides in pertinent part:

1. *No policy insuring against liability arising out of the ownership, maintenance or use of any motor vehicle may be delivered* or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state *unless coverage is provided therein or supplemental thereto for the protection of persons*

coverage in conformance with Nevada law, Schier contended that Hertz thereby agreed to provide uninsured motorist coverage. Schier requested a judgment against Hertz in the amount of $15,000.

Hertz failed to address the above contentions in opposing Schier's motion. Instead, Hertz argued in its motion for summary judgment that it was not an insurer within the meaning of NRS 690B.020, and that only insurance companies issuing motor vehicle liability policies in Nevada must offer uninsured motorist coverage. Hertz concluded that since it was not an insurance company, Nevada law did not require it to provide uninsured motorist coverage and, therefore, it was not liable to Schier.

Schier's complaint, however, was based on a breach of contract theory. Schier contended that Hertz had breached the lease agreement by failing to provide uninsured motorist coverage. Under the lease agreement, Hertz promised to provide liability insurance. Thus, the question before the district court was whether Hertz was also obligated under this agreement to provide uninsured motorist protection. Whether Hertz was an insurer is irrelevant. The district court agreed with Hertz's contentions and, in doing so, granted summary judgment on an irrelevant and incorrect ground.

Therefore, we reverse the summary judgment and remand for trial.

insured thereunder who are legally entitled to recover damages, from owners or operators of uninsured or hit-and-run motor vehicles, for bodily injury, sickness or disease, including death, resulting from the ownership, maintenance or use of the uninsured or hit-and-run motor vehicle. . . . The coverage required in this section may be referred to as "uninsured vehicle coverage."

2. The *amount of coverage to be provided must be not less than the minimum limits for bodily injury liability insurance* provided for under the Motor Vehicle Safety Responsibility Act (chapter 485 of NRS), but may be in an amount not to exceed the bodily injury coverage purchased by the policyholder. (Emphasis added.)