LEONARD A. ROY, SR. AND SHIRLEY H. ROY, APPEL-LANTS, *v.* J. C. LANCASTER AND FERN LANCAS-TER, RESPONDENTS.

No. 21332

June 27, 1991                                          814 P.2d 75

*Lamond R. Mills,* Las Vegas; *Miller & Leher,* Littleton, Colorado, for Appellants.

*Joseph W. Houston,* Las Vegas, for Respondents.

# OPINION

By the Court, YOUNG, J.:

Both parties to this appeal claim title to real property in Henderson, Nevada. Prior to trial, the district court granted partial summary judgment to respondents. The court ruled as a matter of law that respondents held fee simple title to the property in question. The court also denied appellants' motion to join the United States as a party. The court subsequently granted sole title and interest in the property to respondents.

Proper resolution of this appeal requires that we trace the chain of title to the property in question. On May 13, 1955, the United States, through the Reconstruction Finance Corporation (RFC), quitclaimed surplus real property to Manganese, Inc. The quitclaim deed described thirteen patented mining claims and thirty-two other claims characterized as "UNPATENTED CLAIMS (LOCATED)." The claims are referred to in the RFC deed and in succeeding deeds as the "Hydro-A" claims. The unpatented claims are the subject of this case.

On November 16, 1961, Manganese, Inc., quitclaimed its interest in the unpatented Hydro-A claims to the Milton J. Wershow Company (Wershow). Wershow, in turn, quitclaimed them to the Clark County Land & Water Company on February 13, 1963. On March 15, 1976, Valley Bank of Nevada, as trustee for the Clark County Land & Water Company, deeded the claims to respondents J. C. and Fern Lancaster.

On January 30, 1980, appellants Leonard and Shirley Roy secured a quitclaim deed to approximately six hundred acres of property from Howmet Corporation, the successor in interest to Manganese, Inc. The Roys' deed encompassed the same Hydro-A unpatented claims that Valley Bank had quitclaimed to the Lancasters in 1976, as well as additional claims not included in the Lancaster deed.

Appellants and respondents both claim that the original 1955 conveyance by RFC to Manganese, Inc., transferred a fee simple interest in the land encompassed by the unpatented Hydro-A claims. However, appellants claim that Manganese, Inc., merely conveyed the unpatented claims to Wershow Co., respondents'

predecessor in interest, while it retained the fee simple title for itself. Appellants claim the fee simple title was conveyed to them by Howmet Corporation in 1980, and that respondents' interest in the unpatented claim has lapsed through their failure to file annual reports and proof of assessment work with the Bureau of Land Management (BLM).

Respondents filed a quiet title action in the Eighth Judicial District Court in March 1989. Appellants counterclaimed for slander of title. Both parties filed cross-motions for summary judgment, each alleging they held fee simple title. The district court reviewed the various deeds and concluded that respondents were the fee simple title holders. The court also found that there were material questions of fact on whether appellants had assumed title by adverse possession. A trial date was set. Two days prior to trial, appellants moved for joinder of the United States as an indispensable party and for reversal of the court's order granting summary judgment on the fee simple title issue. Both motions were denied. After a two-day bench trial, the court ruled that appellants had failed to take title by adverse possession and awarded title to respondents. Appellants appeal from this ruling.

We believe the court below erred in concluding, as a matter of law, that the respondents held fee simple title to the "Hydro-A" unpatented claims. Summary judgment is only appropriate where, absent genuine issues of material fact, one party is entitled to judgment as a matter of law. Leven v. Wheatherstone Condominium Corp., 106 Nev. 307, 309, 791 P.2d 450, 451 (1990). A litigant has the right to trial whenever the slightest doubt as to remaining issues of fact exists. Oak Grove Inv. v. Bell & Gossett Co., 99 Nev. 616, 623, 668 P.2d 1075, 1079 (1983). We are convinced that the determinative issue of who held fee simple title to the subject property remained unresolved when the district court granted summary judgment.

We believe the district court was misled by the parties' agreement that a fee simple title to the unpatented claims was created when RFC transferred the claims to Manganese, Inc., in 1955. Neither party disputed the grant of a fee simple title because the existence of such title was necessary to their respective claims. The district court reviewed the deeds and agreed that RFC had conveyed a fee simple title. The court then ruled, as a matter of law, that title was vested in respondents. Apparently, appellants acquiesced in this finding because it did not detract from their continuing adverse possession claim. The court subsequently ruled that appellants had failed to take title by adverse possession.

It is undisputed that the deeds in question conveyed unpatented claims. An unpatented mining claim represents only a possessory interest. It does not confer fee simple title. "Congress has seen fit to make possession of that part of the public lands which is valuable for minerals separable from the fee . . . ." Belk v. Meagher, 104 U.S. 279, 283 (1881). "The patent is the instrument by which the fee simple title to the mining claim is granted." Creede & Cripple Creek Mining & Milling Co. v. Uinta Tunnel Mining & Transp. Co., 196 U.S. 337, 347 (1905). *See also* St. Louis Smelting & Refining Co. v. Kemp, 104 U.S. 636, 640 (1881); North Alaska Envtl. Center v. Lujan, 872 F.2d 901, 904 n.2 (9th Cir. 1989) (claimant does not obtain fee simple absolute in the claim until it is patented). Therefore, in the absence of proof that the Hydro-A claims at issue were ever patented, fee simple title to them remains vested in the United States.

The General Mining Law of 1872 established detailed procedures for the patenting of mining claims that are still followed today. The act requires that a mining claimant file an application for a patent with the appropriate federal land office.[1] If no adverse claims are filed within sixty days of the application, the patent is normally granted and the claimant gains fee simple title upon payment of the appropriate fees. 30 U.S.C. § 29 (1990).

The district court was not presented with evidence that either of the parties had complied with the federal patenting requirements. Allowing respondents to obtain fee simple title to the disputed claims by virtue of a quitclaim deed renders the federal patenting procedure meaningless. It would also endanger the possessory interests of untold thousands of unpatented claim holders. For these reasons, we are compelled to reverse the district court's award of fee simple title to respondents.

[1] Prior to application, the claimant must have the claim surveyed by a mineral surveyor qualified by the BLM. The survey must establish the exterior boundaries of the claim as marked by monuments on the ground, any intersection with the lines of conflicting prior surveys, and any conflicts with unsurveyed claims. The applicant is responsible for payment of the mineral surveyor. The application must be followed within sixty days by certification that the claimant or parties acting on his behalf have expended $500 worth of labor or improvements upon the claim. The mineral surveyor is required to report the value of all improvements having a direct relation to development of the claim. The BLM will then plat the claim. The applicant must pay the costs of preparing the plat, as well as any other office costs incurred by the BLM. The applicant is required to post a copy of the plat of survey in a conspicuous place on the claim itself, together with notice of his intention to apply for a patent therefor. After posting the plat, the applicant must file the plat and surveyor's field notes with the appropriate land office along with the statements of two credible witnesses that the cliam was properly and conspicuously posted. 43 C.F.R. §§ 3861.1-3861.7 (1990).

We also conclude that the district court erred in failing to join the United States as a party. Any action to gain title to real property by adverse possession requires the joinder as defendants of "all other persons who are known, or by the exercise of reasonable diligence could be known, to plaintiff to have some claim to an estate, interest, right, title, lien, or cloud in or on the land described in the complaint adverse to plaintiff's ownership . . . ." NRS 40.090(2). We believe respondents, as plaintiffs below, were aware, or should have been aware through the exercise of reasonable diligence, of the United States' interest in the subject property. In the absence of a patent on the disputed claims, the United States retains fee simple title to the land in question. Respondents would have this court ignore the federal government's interest in this matter on the assumption that long ago it somehow transferred all of its interest in the property through the actions of RFC. This assumption is incorrect in the absence of proof that the disputed claims were duly patented. Respondents have failed to present any authority stating that the RFC had the power to transfer fee simple title on behalf of the United States.

Additionally, if a fee simple title is deemed to exist by virtue of the unpatented claims, we are at a loss to see how the boundaries of the subject property can be determined to a legally recognized certainty. The deeds relied upon by the parties refer only to Certificates of Location filed when the claims were first staked some forty or more years ago. The markers establishing these locations have perhaps long since deteriorated or disappeared. Unless the Certificates of Location establish claim boundaries by reference to government surveys, we do not believe they rise to the level of precision which would be desirable for a fee simple estate.

For these reasons, we reverse and remand this matter to the court below.

MOWBRAY, C. J., SPRINGER, ROSE and Steffen, JJ., concur.