*1271
 
 OPINION
 

 Per Curiam:
 

 On June 1, 1990, appellant Michael Schneider (Schneider), purchased a disability insurance policy from respondent Continental Assurance Company (CNA), through CNA’s agent, respondent James R. Tatum (Tatum). About nine months later, Schneider ruptured his left achilles tendon and became disabled.
 

 More than four and a half months after Schneider submitted a claim for his disability, CNA declared the insurance policy void because Schneider had incorrectly stated on his application that he had no other disability coverage. Schneider and his wife sued CNA and Tatum for negligence, breach of contract, bad faith, and infliction of emotional distress. Schneider claimed his incorrect statement had been unknowing and immaterial and that CNA was using it as a pretext to deny him benefits.
 

 CNA moved to dismiss or in the alternative for partial summary judgment. The district court granted the motion to dismiss on September 24, 1993. We now reverse because the district court made several errors.
 

 [Headnote 1]
 

 The first question on appeal is whether the district court improperly granted CNA’s motion to dismiss rather than treating it as a motion for summary judgment. If “matters outside the pleading are presented to and not excluded by the court,” a motion to dismiss for failure to state a claim upon which relief can be granted “shall be treated as one for summary judgment and disposed of as provided in Rule 56.” NRCP 12(b). A district court must treat a motion to dismiss as one for summary judgment “[w]here materials outside of the pleadings are presented to and considered by the district court.” Thompson v. City of North Las Vegas, 108 Nev. 435, 438, 833 P.2d 1132, 1134 (1992).
 

 The district court’s written decision did not exclude matters outside the pleadings; rather, it shows that the court considered exhibits which CNA submitted in support of its motion to dismiss. Thus the district court erroneously granted the motion to dismiss after considering materials outside the pleadings. [Headnote 2]
 

 This error is not necessarily reversible error. When a district court errs “in failing to expressly consider respondent’s motion as one for summary judgment,” this court is “not obliged to reverse,” but “simply review[s] the dismissal order as if it were a summary judgment.”
 
 Thompson,
 
 108 Nev. at 438-39, 833 P.2d at 1134.
 

 
 *1272
 
 A district court shall grant summary judgment “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” NRCP 56(c). “A litigant has the right to trial whenever the slightest doubt as to remaining issues of fact exists.” Roy v. Lancaster, 107 Nev. 460, 462, 814 P.2d 75, 76 (1991) (citing Oak Grove Inv. v. Bell & Gossett Co., 99 Nev. 616, 623, 668 P.2d 1075, 1079 (1983)). [Headnote 3]
 

 CNA asserted in its pleadings that per its underwriting policy it would not have insured Schneider had it known of his other coverage. Citing NRS 687B.110(3),
 
 [1]
 
 the district court concluded that Schneider’s incorrect statement that he had no other disability coverage prevented recovery under the policy because CNA in good faith would not have issued Schneider the policy if it had known the true facts.
 

 However, Schneider disputed whether this was true. In an affidavit accompanying his opposition to CNA’s motions, he alleged that CNA’s later position that it had participation limits “directly contradicted]” what its agent Tatum told him when selling him the policy. He claimed that Tatum had assured him that CNA would provide coverage of $1,500.00 a month even if he had other coverage. His affidavit also recounted in some detail the great difficulty he had for several months in getting a straight answer from CNA regarding his claim; it also indicated that after learning of Schneider’s other coverage, CNA waited some two months before rescinding the policy on that ground. Schneider’s allegations thus raised some doubt as to whether CNA in good faith would not have issued the policy originally if it had known of Schneider’s other coverage.
 

 
 *1273
 
 Schneider raised a second genuine issue of material fact. His affidavit alleged that his state disability benefits did not start until six months after his injury and that they paid as little as $50.00 a month. These allegations raised an issue as to whether CNA’s alleged participation limits required something less than complete rescission of Schneider’s policy.
 

 Schneider also argues that an issue of fact remains as to whether CNA was estopped from denying him coverage because of the alleged misrepresentation made by CNA’s agent, Tatum, in selling him the insurance. CNA asserts that estoppel cannot apply here because NRS 687B.110 controls. This assertion simply ignores the issue of whether statements by an insurer’s agent can equitably estop an insurer from invoking the statutory protections.
 

 CNA points to no language in NRS 687B.110 which would preclude insured persons from raising estoppel against insurers. Violin v. Fireman’s Fund Ins. Co., 81 Nev. 456, 458, 406 P.2d 287, 288 (1965), indicates estoppel could apply in cases of this kind: “[AJbsent factors favoring the application of the doctrines of waiver or estoppel, an insurer is not bound by an insurance contract that he was induced to make by the fraudulent misrepresentations of the insured.”
 

 The district court therefore erred in not recognizing that genuine issues remained as to several material facts: whether CNA in good faith would not have issued the policy if it had known the true facts, the effect of CNA’s alleged participation limits, and whether CNA should be estopped from raising a defense under NRS 687B.110(3).
 

 Schneider also contends that the district court improperly relied on CNA’s unverified factual allegations in granting CNA’s motion. In addition to its pleadings and points and authorities for its motions, CNA filed five exhibits with the district court. These appear to be portions of a copy of Schneider’s insurance policy, a copy of his insurance application, a copy of his amendment to that application, a copy of a letter from Schneider’s personnel director, and some information on the state’s disability insurance plan. None of these materials were sworn to or certified, and neither CNA nor Tatum filed any affidavits in support of their motions.
 

 “Evidence introduced in support of or opposition to a motion for summary judgment must be admissible evidence.
 
 See
 
 NRCP 56(e).” Collins v. Union Fed. Savings & Loan, 99 Nev. 284, 302, 662 P.2d 610, 621 (1983). Affidavits supporting or opposing a motion for summary judgment
 

 
 *1274
 
 shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.
 

 NRCP 56(e).
 

 The district court thus erred in relying solely on inadmissible evidence to grant summary judgment.
 

 For the reasons set forth above, we reverse the district court’s order granting the motion to dismiss and remand this case for trial.
 
 [2]
 

 [1]
 

 NRS 687B.110 provides:
 

 All statements and descriptions in any application for an insurance policy or annuity contract, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent a recovery under the policy or contract unless either:
 

 1. Fraudulent; or
 

 2. Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or
 

 3. The insurer in good faith would either not have issued the policy or contract, or would not have issued it at the same premium rate, or would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.
 

 [2]
 

 Our resolution of these issues makes it unnecessary to address Schneider’s remaining assignment of error, that the district court erroneously denied his request for time for additional discovery before ruling on CNA’s motions.