Maupin, J.,
concurring in part and dissenting in part:
I concur in the result reached by the majority. Under either standard for reviewing summary judgments previously used by this court, appellants developed no material issues of fact that would negate immunity under the Nevada Industrial Insurance Act.
I also agree that a reconciliation of our prior case decisions applying inconsistent standards for awards of summary judgment is long overdue. Certainly, one line of Nevada cases holds that summary judgment is inappropriate when there is the “slightest doubt as to the operative facts.”[1] Other of our decisions have embraced *743 the modem federal standard for summary judgments utilized in Anderson v. Liberty Lobby, Inc.,[2] Celotex Corp. v. Catrett,[3] and Matsushita Electric Industrial Co. v. Zenith Radio,[4] i.e., that “[a] genuine issue of material fact exists [precluding summary judgment] where the evidence is such that a reasonable jury could return a verdict for the non-moving party.”[5] We have been the rightful subject of criticism within the bench and bar for shaping results by variant applications of the two standards.
While the federal approach to summary judgments embraced in Liberty Lobby and Celotex provides greater certainty for use by district courts and may conserve judicial resources, the approach represented in Parman v. Petricciani[6] and Posadas v. City of Reno[7] ensures that cases are tried on their merits and that essential factual issues are determined by a jury when requested. Thus, I would stay with the approach taken in Parman and its progeny

Perez v. Las Vegas Medical Center, 107 Nev. 1, 4, 805 P.2d 589, 590 (1991); accord Nevada Contract Servs. v. Squirrel Cos., 119 Nev. 157, 68 P.3d 896 (2003); Pressler v. City of Reno, 118 Nev. 506, 50 P.3d 1096 (2002); SIIS v. Ortega Concrete Pumping, Inc., 113 Nev. 1359, 951 P.2d 1033 (1997); NGA #2 Ltd. Liab. Co. v. Rains, 113 Nev. 1151, 946 P.2d 163 (1997); Coblentz v. Union Welfare Fund, 112 Nev. 1161, 925 P.2d 496 (1996); Russ v. General Motors Corp., 111 Nev. 1431, 906 P.2d 718 (1995); Dakis v. Scheffer, 111 Nev. 817, 898 P.2d 116 (1995); Basile v. Union Plaza Hotel & Casino, 110 Nev. 1382, 887 P.2d 273 (1994); Schneider v. Continental Assurance Co., 110 Nev. 1270, 885 P.2d 572 (1994); Dennison v. Allen Group Leasing Corp., 110 Nev. 181, 871 P.2d 288 (1994); Doud v. Las Vegas Hilton Corp., 109 Nev. 1096, 864 P.2d 796 (1993); Posadas v. City of Reno, 109 Nev. 448, 851 P.2d 438 (1993); Sprague v. Lucky Stores, Inc., 109 Nev. 247, 849 P.2d 320 (1993); Charleson v. Hardesty, 108 Nev. 878, 839 P.2d 1303 (1992); Walker v. American Bankers Ins., 108 Nev. 533, 836 P.2d 59 (1992); Washoe Medical Center v. Churchill County, 108 Nev. 622, 836 P.2d 624 (1992); Nye County v. Washoe Medical Center, 108 Nev. 490, 835 P.2d 780 (1992); Joynt v. California Hotel & Casino, 108 Nev. 539, 835 P.2d 799 (1992); Roy v. Lancaster, 107 Nev. 460, 814 P.2d 75 (1991); Nevada State Bank v. Jamison Partnership, 106 Nev. 792, 801 P.2d 1377 (1990); City of Boulder City v. State of Nevada, 106 Nev. 390, 793 P.2d 845 (1990); Sawyer v. Sugarless Shops, 106 Nev. 265, 792 P.2d 14 (1990); Carr-Bricken v. First Interstate Bank, 105 Nev. 570, 779 P.2d 967 (1989); Charles v. Lemons & Associates, 104 Nev. 388, 760 P.2d 118 (1988); Shapro v. Forsythe, 103 Nev. 666, 747 P.2d 241 (1987); Pacific Pools Constr. v. McClain’s Concrete, 101 Nev. 557, 706 P.2d 849 (1985); Hubert v. Werner, 101 Nev. 193, 698 P.2d 426 *743 (1985); Whalen v. State of Nevada, 100 Nev. 192, 679 P.2d 248 (1984); Shepard v. Harrison, 100 Nev. 178, 678 P.2d 670 (1984); Stone v. Mission Bay Mortgage Co., 99 Nev. 802, 672 P.2d 629 (1983); Oak Grove Inv. v. Bell & Gossett Co., 99 Nev. 616, 668 P.2d 1075 (1983); Servaites v. Lowden, 99 Nev. 240, 660 P.2d 1008 (1983); Mullis v. Nevada National Bank, 98 Nev. 510, 654 P.2d 533 (1982); Nehls v. Leonard, 97 Nev. 325, 630 P.2d 258 (1981); Davenport v. Republic Insurance Co., 97 Nev. 152, 625 P.2d 574 (1981); McDermond v. Siemens, 96 Nev. 226, 607 P.2d 108 (1980); Golden Nugget, Inc. v. Ham, 95 Nev. 45, 589 P.2d 173 (1979); Cardinal v. C. H. Masland & Sons, 87 Nev. 224, 484 P.2d 1075 (1971); Zuni Construction Co. v. Great Am. Ins. Co., 86 Nev. 364, 468 P.2d 980 (1970); Pine v. Leavitt, 84 Nev. 507, 445 P.2d 942 (1968); Short v. Hotel Riviera, Inc., 79 Nev. 94, 378 P.2d 979 (1963); McColl v. Scherer, 73 Nev. 226, 315 P.2d 807 (1957); Parman v. Petricciani, 70 Nev. 427, 272 P.2d 492 (1954).

 477 U.S. 242 (1986).

 477 U.S. 317 (1986).

 475 U.S. 574, 586 (1986).

 Bulbman, Inc. v. Nevada Bell, 108 Nev. 105, 110, 825 P.2d 588, 591 (1992); see also Oehler v. Humana, Inc., 105 Nev. 348, 350, 775 P.2d 1271, 1272 (1989); Valley Bank v. Marble, 105 Nev. 366, 367, 775 P.2d 1278, 1279 (1989).

 70 Nev. 427, 272 P.2d 492 (1954).

 109 Nev. 448, 851 P.2d 438 (1993).