# IN THE SUPREME COURT OF THE STATE OF NEVADA

MG&S ENTERPRISE, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Appellant,
vs.
TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA, A FOREIGN
CORPORATION; STEVE STILES,
INDIVIDUALLY; AND INSURANCE
SERVICES CORPORATION, INC.,
D/B/A STILES INSURANCE SERVICES,
Respondents.

No. 69622

FILED

DEC 21 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court final judgment in an insurance contract and tort action. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Appellant MG&S Enterprise, LLC, was a furniture retailer with business inventory stored both at a showroom and at a separate warehouse. Appellant purchased a commercial insurance policy from respondent Travelers Casualty Insurance Company (Travelers) through respondent insurance broker Stiles Insurance Services (Stiles) to cover its inventory at both locations. Following a burglary at the warehouse, appellant filed an insurance claim with Travelers and a dispute arose about the insurance policy limits for the warehouse inventory. Travelers argued that the policy provided $200,000 in coverage for the warehouse, while appellant argued that it had purchased $1.5 million in "blanket" or "umbrella" insurance that equally covered both the showroom and the

18-909927

warehouse up to that amount. Appellant sued Travelers and Stiles, seeking recovery under the allegedly higher policy limits.

Travelers moved to dismiss the claims against it, attaching a copy of the insurance policy to its motion to dismiss. The district court explicitly referred to the policy, and the limits set forth therein, in granting Travelers' motion to dismiss, while permitting other claims, including claims for negligence against respondent Stiles, to proceed to discovery. During the discovery process, emails were produced which appellant argued supported its claims against Travelers for higher insurance limits. Based on these emails, appellant moved to amend its complaint in order to reinstate its previously dismissed claims against Travelers. The district court denied appellant's motion to amend and appellant thereafter appealed the denial and the dismissal of its claims against Travelers. Relying in part on our decision in *Baxter v. Dignity Health*, 131 Nev. 759, 357 P.3d 927 (2015), the court of appeals affirmed each of the district court's orders. Appellant now petitions this court for review, arguing the district court improperly considered evidence in granting Travelers' motion to dismiss and abused its discretion in denying appellant's motion to amend based on the emails produced during discovery. We exercise our discretion to address each of these issues in turn. NRAP 40B(a) ("A decision of the Court of Appeals is a final decision that is not reviewable by [this court] except on petition for review. . . . [And] Supreme Court review is not a matter of right but of judicial discretion.").

*Travelers' motion to dismiss*

We review de novo a district court's order granting an NRCP 12(b)(5) motion to dismiss, and such an order is "subject to a rigorous standard of review on appeal," with all alleged facts in the complaint

presumed true and all inferences drawn in favor of the complaint. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008) (internal quotation marks omitted). A complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff could prove no set of facts which, if accepted by the trier of fact, would entitle [the plaintiff] to relief." *Blackjack Bonding v. City of Las Vegas Mun. Court*, 116 Nev. 1213, 1217, 14 P.3d 1275, 1278 (2000) (internal quotation marks omitted). In general, a district court may not consider matters outside the pleadings when evaluating an NRCP 12(b)(5) motion to dismiss, *Breliant v. Preferred Equities Corp.*, 109 Nev. 842, 847, 858 P.2d 1258, 1261 (1993), and when a court dismisses a complaint based on documentation outside the pleadings, the court should treat the motion to dismiss as a motion for summary judgment. *Lumbermen's Underwriting Alliance v. RCR Plumbing, Inc.*, 114 Nev. 1231, 1234, 969 P.2d 301, 303 (1998).

Appellants maintain it was error to grant the motion to dismiss because the court considered matters outside the pleadings in resolving it. Assuming without deciding this is correct, the error did not affect the outcome. *See Schneider v. Cont'l Assurance Co.*, 110 Nev. 1270, 1271, 885 P.2d 572, 573 (1994) (When a district court errs in failing to treat a motion to dismiss as one for summary judgment, this court is not obligated to reverse but will review the dismissal as an order for summary judgment); *see also Thompson v. City of N. Las Vegas*, 108 Nev. 435, 438, 833 P.2d 1132, 1133-34 (1992). Treating the motion as one for summary judgment, MG&S's claims against Travelers would fail.

"Summary judgment is [appropriate] when, viewing the evidence in the light most favorable to the nonmoving party, there is no

genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *George L. Brown Ins. Agency, Inc. v. Star Ins. Co.*, 126 Nev. 316, 322-23, 237 P.3d 92, 96 (2010). The entire basis for appellant's claims against Travelers rests on emails produced during discovery, in which appellant's insurance broker expressed his mistaken belief that he sold a policy with higher limits than the policy actually provided. Viewed in a light most favorable to MG&S, these emails, at most, support appellant's claims for negligence against its broker, claims which the district court allowed appellant to pursue. The emails do not, however, support appellant's claims against Travelers. Nowhere in the emails, or anywhere else in the record, does Travelers communicate that any coverage in excess of $200,000 was ever sold to MG&S for its warehouse location. To the contrary, the emails show that Travelers repeatedly confirmed to MG&S's broker that the policy was purchased with separate limits for each location, specifically with $200,000 in coverage for the warehouse inventory. Simply put, the emails in no way indicate that appellant's policy included higher limits than what Travelers paid. We agree with the court of appeals' conclusion that, even if the district court had treated Travelers' motion to dismiss as one for summary judgment, the outcome here would be the same. MG&S, even in light of the emails produced during discovery, raised no genuine issue of material fact as to the extent of coverage for its warehouse inventory available under its policy. Viewing the evidence in a light most favorable to appellant, summary judgment in favor of Travelers would have been appropriate. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005).

(O) 1947A

*MG&S's second motion to amend*

NRCP 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." While we have interpreted NRCP 15(a) to reflect a "liberal [amendment] policy," we have also held that "[t]he requirement of judicial approval suggests that there are instances where leave should not be granted." *State, Univ. & Cmty. Coll. Sys. v. Sutton*, 120 Nev. 972, 988, 103 P.3d 8, 18-19 (2004) (internal quotation marks omitted). We will not disturb a district court's decision to deny leave to amend absent an abuse of discretion, and "[i]t is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile." *Allum v. Valley Bank of Nev.*, 109 Nev. 280, 287, 849 P.2d 297, 302 (1993) (internal quotation marks omitted). Because appellant's motion to amend sought to reassert claims against Travelers, claims based on emails that in no way implicated liability on the part of Travelers, we conclude it was not an abuse of discretion for the district court to deny appellant's motion based on its futility. Moreover, because appellant was permitted to pursue its negligence claim against its broker, and in light of the favorable jury verdict awarding damages to appellant in that action, we are not persuaded that "any impairment of justice [was] occasioned by the [district] court's denial of appellant's motion . . . to amend." *See Stephens v. S. Nev. Music Co., Inc.*, 89 Nev. 104, 507 P.2d 138, 139 (1973). We therefore agree with the court of appeals that the district court did not

SUPREME COURT
OF
NEVADA

(O) 1947A

abuse its discretion when it denied appellant's motion to amend its complaint. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Linda Marie Bell, Chief Judge
       Hon. Adriana Escobar, District Judge
       Ara H. Shirinian, Settlement Judge
       Bowen Law Offices
       Foran Glennon Palandech Ponzi & Rudloff, PC
       Lipson Neilson P.C.
       Eighth District Court Clerk

