# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE ESTATE OF THELMA AILENE SARGE.

No. 73286

ESTATE OF THELMA AILENE SARGE; ESTATE OF EDWIN JOHN SARGE; AND BY AND THROUGH THE PROPOSED EXECUTRIX, JILL SARGE, Appellants,
vs.
QUALITY LOAN SERVICE CORPORATION; AND ROSEHILL, LLC, Respondents.

FILED

FEB 2 7 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK



## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting summary judgment in an action to void a foreclosure sale for lack of notice. First Judicial District Court, Carson City; James Todd Russell, Judge.

The primary issue is the meaning of a "known" address under a pair of notice provisions. NRS 107.080(3) and NRS 107.080(4)(a) (the notice provisions) require a mortgage trustee to notify certain parties of default and foreclosure sale at their respective known addresses, but neither explains what a known address is. A related statute, NRS 107.090(2) (the recording statute), provided that a party may record a request for notice in the county recorder's office.[1]

---

[1]NRS 107.090 has since been amended. What was subsection (2) when the district court issued the order on appeal is now subsection (1),

Edwin and Thelma Sarge owned the subject property on Sonoma Street in Carson City. In 2006, Champion Mortgage Company (CMC) recorded a deed of trust securing a loan that the Sarges took out on the property. In 2008, the Sarges recorded a deed upon death[2] conveying a future interest in the property to their three children, Jack Sarge, Jill Sarge, and Sharon Hesla.

Edwin died in 2011 and Thelma died in April 2015. Jill contacted CMC to report Thelma's death and a mailing address on Empire Lane in Carson City. CMC sent several letters about the mortgage to "the Estate of Thelma A. Sarge" and "the Estate of Edwin J. Sarge" at that address.

In September 2015, respondent Quality Loan Services Corporation (QLS), CMC's trustee, recorded a notice of default and election to sell the subject property and mailed copies of the notice to the Sonoma Street address. In August 2016, it recorded the notice of sale and mailed copies of the notice to the Sonoma Street address. Neither notice went to the Empire Lane address. At the foreclosure sale in October 2016, respondent Rosehill, LLC, purchased the property.

Later that month, Edwin's and Thelma's respective estates (collectively appellants) filed and recorded a complaint for reentry and

2019 Nev. Stat., ch. 238, § 15, at 1367, and the former subsection (1), which defined "person with an interest" for that section, now appears in an earlier section of definitions for the entire chapter, 2019 Nev. Stat., ch. 238, § 1, at 1344. The amendments are insignificant to our resolution of this appeal.

[2]A deed upon death "conveys [the grantors'] interest in property to a beneficiary or multiple beneficiaries and . . . becomes effective upon the death of the owner." NRS 111.671.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

notices of lis pendens. QLS moved to dismiss the complaint for failure to state a claim and to expunge the notices of lis pendens. Rosehill also moved to dismiss for failure to state a claim. After hearing the motions, the district court issued an order granting dismissal and canceling the notices of lis pendens.

Appellants argue on appeal that the district court effectively granted summary judgment by considering matters outside the pleadings, and erred by granting summary judgment because a genuine issue of material fact exists as to whether QLS notified the titleholders—Jack, Jill, and Sharon—at their known address. They argue that the district court likewise abused its discretion by canceling the notices of lis pendens.

Because the district court granted dismissal but considered matters outside the pleadings, we review the order as if it granted summary judgment. *Schneider v. Cont'l Assurance Co.*, 110 Nev. 1270, 1271, 885 P.2d 572, 573 (1994). We review such orders de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper if "the pleadings and [all] other evidence on file demonstrate that no genuine issue as to any material fact [exists] and that the moving party is entitled to . . . judgment as a matter of law." *Id.* (internal quotation marks omitted). "[T]he evidence, and any reasonable inferences drawn from it, must be viewed in a light most favorable to the nonmoving party." *Id.* "A factual dispute is genuine when the evidence is such that a rational trier of fact could return a verdict for the nonmoving party." *Id.* at 731, 121 P.3d at 1031.

Appellants argue that the district court erred by granting summary judgment because they presented uncontroverted evidence that Jill notified CMC of the Empire Lane address and that CMC began sending

 

letters there. They reason that notifying CMC, the lender, of the Empire Lane address was sufficient to establish that address as their known address under the notice provisions, and that QLS, the trustee, therefore should have notified them at that address. They argue that recording a request for notice under the recording statute is purely elective. QLS and Rosehill answer that the address at which QLS notified the titleholders, which is recorded in the deed upon death by which they obtained title to the subject property, was their known address because they did not record a request for notice at an alternate address.

So whether summary judgment was proper depends on the meaning of a "known" address under the notice provisions. We recently addressed this issue, explaining that in some instances, a known address may be different from an address in recorded documents. *U.S. Bank, Nat'l Ass'n ND v. Res. Grp., LLC*, 135 Nev., Adv. Op. 26, 444 P.3d 442, 446 (2019) ("A trustee or other person conducting a foreclosure sale must send notice of default to each person entitled to it at the address the recorded documents provide for that person (or in some instances, if different, their known or last known address)."). Those instances include when a trustee has actual or constructive knowledge of an address. *See In re Smith*, 866 F.2d 576, 586 (3d Cir. 1989) (explaining that a foreclosure notice statute requires "a good-faith effort to ascertain the [mortgagor's] current address"); *Wanger v. EMC Mortg. Corp.*, 127 Cal. Rptr. 2d 685, 693 (Ct. App. 2002) (holding that a borrower's known address "shall be determined with reference to the [mortgage loan] servicer's actual and constructive knowledge"); *see also* NRS 107.090(2) (2009) (providing that a party "may" record a request for notice); *State v. Second Judicial Dist. Court*, 134 Nev. 783, 789 n.7, 432 P.3d

154, 160 n.7 (2018) (explaining that "the word 'may' is generally permissive").

Here, the district court found that because none of the titleholders recorded a request for notice under the recording statute, the Sonoma Street address recorded in the deed upon death was their known address. So it effectively limited the scope of a trustee's knowledge to *record* knowledge, reasoning that because the Sonoma Street address was the only *recorded* address, it was the titleholders' known address.

But the evidence shows that Jill notified CMC of the Empire Lane address, and that CMC began sending letters to that address. Viewing that evidence in a light most favorable to appellants, a rational trier of fact could find that QLS, CMC's trustee, had *actual* or *constructive* knowledge of the Empire Lane address despite the titleholders' failure to record it, and thus that the Empire Lane address was the titleholders' known address. So a genuine issue of material fact remains as to whether QLS notified the titleholders at their known address, and the district court thus erred by granting summary judgment.[3] Accordingly, we

---

[3]Because the district court erred by granting summary judgment, it likewise erred by canceling the notices of lis pendens. *See Hardy Companies, Inc. v. SNMARK, LLC*, 126 Nev. 528, 533, 543, 245 P.3d 1149, 1153, 1159 (2010) (reversing order granting summary judgment and expunging notices of lis pendens). We decline to consider appellants' other arguments because they are unnecessary for us to resolve this case. *See Miller v. Burk*, 124 Nev. 579, 588-89 & n.26, 188 P.3d 1112, 1118-19 & n.26 (2008) (explaining that this court need not address issues that are unnecessary to resolve the case at bar).

 

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. James Todd Russell, District Judge
Janet L. Chubb, Settlement Judge
Tory M. Pankopf, Ltd.
Walsh, Baker & Rosevear, P.C.
McCarthy & Holthus, LLP/Las Vegas
Carson City Clerk